J-S36008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SCOTT NEWTON KERNS | : | |
| | : | |
| Appellant | : | No. 1602 MDA 2018 |

Appeal from the Order Entered August 27, 2018
In the Court of Common Pleas of Berks County
Criminal Division at No(s):  CP-06-CR-0002858-2016

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PANELLA, P.J.:              **FILED NOVEMBER 07, 2019**

Scott Newton Kerns appeals from the order entered in the Berks County

Court of Common Pleas on August 27, 2018, which denied his post-sentence

motion as untimely.[1] Additionally, Kerns's court appointed counsel, John A.

Fielding, III, Esquire, seeks to withdraw pursuant to ***Anders v. California***,

386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa.

2009). Kerns has also filed an application with this Court requesting that the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] In the notice of appeal, counsel additionally attempts to appeal from the judgment of sentence entered on September 30, 2016. Kerns' judgment of sentence became final on October 30, 2016, after neither a timely post-sentence motion nor a timely direct appeal was filed. Therefore, we only address the appeal from the August 27, 2018 order, as a direct appeal is not cognizable at this time.

appeal be remanded "to start again" with Kerns representing himself. We vacate the order denying Kerns' motion as untimely and remand for further proceedings consistent with this memorandum. In addition, we grant counsel permission to withdraw, and deny Kerns's application for remand as moot.

In 2002, Kerns pled guilty to involuntary deviant sexual intercourse and was sentenced to seven and one-half to twenty years' incarceration.[2] In 2007, he filed a civil lawsuit against the victim, accusing her of perjury and filing a false police report against Kerns. The case was dismissed. In 2015, Kerns again filed a civil lawsuit against the victim, raising the same issues. He was subsequently charged with unsworn falsification to authorities and barratry.

On September 30, 2016, in the instant action, Kerns was convicted of barratry. He was sentenced the same day to six to twelve months' incarceration, to be served consecutive to his 2002 sentence. On October 11, 2016, Kerns filed a *pro se* motion for acquittal or modification of sentence. The trial court denied the *pro se* motion due to Kerns being represented by counsel[3] and further finding the motion untimely. Kerns filed a *pro se* notice of appeal to this Court, which was subsequently withdrawn by counsel.

_____

[2] CP-06-CR-371-2001

[3] There is no right to hybrid representation. **Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011). "When a counseled defendant files a *pro se* document, it is noted on the docket and forwarded to counsel pursuant to Pa.R.Crim.P. 576(A)(4), but no further action is to be taken." **Commonwealth v. Williams**, 151 A.3d 621, 623 (Pa. Super. 2016).

On March 16, 2017, Kerns filed a Motion to Open, Vacate Order/Sentence Pursuant to 42 Pa.C.S.A. § 5505 and to Proceed Pro Se. On August 24, 2017, a hearing was held on the Motion, during which Kerns was represented by newly appointed Attorney Fielding.[4]

On February 2, 2018, Kerns filed a *pro se* notice of appeal arguing the trial court had failed to issue a final order either granting or dismissing the Motion. This Court issued a rule to show cause why the appeal should not be dismissed as interlocutory, since the trial court had not yet ruled on the Motion. After receiving no response, this Court quashed the appeal and remanded to the trial court to consider whether the Motion was a post-sentence motion or a PCRA petition, to address the merits if any, and for entry of a final order from which an appeal could be taken. The trial court entered an order characterizing the Motion as a post-sentence motion and denying it as untimely. Counsel filed a notice of appeal.[5]

_____

[4] Both parties were given the opportunity to file a memorandum of law prior to the court issuing a decision. The Commonwealth filed a brief in which they argued the Motion should be denied as an untimely post-sentence motion and that it could not alternatively be considered a timely PCRA petition because it did not raise a cognizable claim. Attorney Fielding did not file a response.

[5] Kerns also filed a *pro se* notice of appeal. We dismissed the appeal after receiving no response to show cause why his appeal should not be dismissed as duplicative of the instant appeal.

In response to multiple *pro se* filings received from Kerns[6] and a petition to withdraw filed by Attorney Fielding[7], the trial court subsequently issued an order requiring a **Grazier**[8] hearing within thirty days. A timely hearing was held on December 21, 2018,[9] during which Attorney Fielding stated his intent to file an **Anders** brief. Kerns agreed to continue with representation by Attorney Fielding with the understanding that he would have the right to respond after the **Anders** brief was filed.

On February 7, 2019, having not yet received an **Anders** brief from counsel, the trial court filed a statement in lieu of opinion urging this Court to dismiss the appeal.

---

[6] Kerns sent two letters to the court and one letter to counsel, attempting to "fire" Attorney Fielding. These letters were noted on the docket and forwarded to counsel pursuant to Pa.R.A.P. 3304. **See Jette** Letter (1), 12/4/2018.

[7] On December 3, 2018, prior to receiving the January 4, 2018 **Jette** letter, Attorney Fielding filed a petition to withdraw as counsel.

[8] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

[9] On the same date, Kerns filed a *pro se* notice to the court asking for Attorney Fielding to be removed as counsel, to proceed *pro se*, and to be given all paperwork on his case. The trial court denied this application for relief as moot due to the outcome of the **Grazier** hearing.

On May 3, 2019, Attorney Fielding filed an **Anders** brief.[10] He was directed to file a proper petition to withdraw, which he filed the same day. Kerns has not filed a response.

We turn first to counsel's petition to withdraw. To withdraw pursuant to **Anders**, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the [**Anders**] brief to the [appellant]; and 3) advise the [appellant] that he or she has the right to retain private counsel or raise additional arguments that the [appellant] deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). With respect to the third requirement of **Anders**, that counsel inform the appellant of his or her rights in light of counsel's withdrawal, this Court has held that counsel must "attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights." **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005).

An **Anders** brief must comply with the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

---

[10] In the meantime, Kerns had attempted to file two more documents, including a *pro se* appellant's brief. These documents, dated March 25, 2019, were again forwarded to Attorney Fielding. **See Jette** Letter (2), 4/2/2019.

case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

"[I]f counsel's petition and brief satisfy ***Anders***, we will then undertake our own review of the appeal to determine if it is wholly frivolous." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007) (brackets added, citation omitted).

Attorney Fielding filed a petition to withdraw, certifying he has reviewed the case and determined that Kerns' appeal is frivolous. Further, Attorney Fielding attached to his petition a copy of his letter to Kerns, advising that he may retain new counsel, raise additional issues *pro se*, or discontinue his appeal. Attorney Fielding also filed a brief, which includes a summary of the history and facts of the case, potential issues that could be raised by Kerns, and his assessment of why those issues are meritless, with citations to relevant legal authority.

Attorney Fielding has thus complied with the preliminary requirements of ***Anders*** and ***Santiago***. Kerns has not filed a response.

Before we examine the substance of Kerns' appeal, we must determine what order Kerns is appealing. To determine the appropriate order on appeal, we must ascertain which of Kerns' post-trial filings was valid, an issue that intrinsically revolves around representation. The Pennsylvania Constitution guarantees the right to representation by an attorney in a criminal case and the right of appeal. The United States Constitution guarantees a criminal

defendant the right to self-representation, which may be exercised following a knowing and voluntary waiver of the right to counsel. *Faretta v. California*, 422 U.S. 806, 820–21 (1975). However, there is no right to contemporaneous representation *pro se* and by counsel ("hybrid representation") at trial or on appeal. *Commonwealth v. Ellis*, 626 A.2d 1137, 1139 (Pa. 1993); *see also* *Commonwealth v. Pursell*, 724 A.2d 293, 251 (Pa. 1999) (applying *Ellis* rationale prohibiting hybrid representation to PCRA proceedings).

As an appellant does not have a right to hybrid representation, any *pro se* post-sentence motions filed while represented by counsel are "a nullity, having no legal effect." *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). Moreover, the Rules of Appellate Procedure generally prohibit a represented litigant from submitting his or her own motion, instead directing the court not to docket any such filing, but to forward it to counsel of record. Pa.R.A.P. 3304. This Court, however, "is required to docket a *pro se* notice of appeal despite Appellant being represented by counsel." *Williams*, at 624 (citation omitted).

Here, the court sentenced Kerns on September 30, 2016. Neither his first post-trial filing, the October 11, 2016 *pro se* motion for judgment of acquittal or modification of sentence, nor his second, the March 16, 2017 *pro se* "Motion to Open, Vacate Order/Sentence Pursuant to 42 Pa.C.S.A. 5505 and to Proceed Pro Se", should have been docketed or heard – instead, both should have been forwarded to Kerns' counsel of record for counsel to make

a determination of whether to proceed further. *See* Pa.R.A.P. 3304; *see also Jette*, at 1044 ("proper response to any pro se pleading is to refer the pleading to counsel, *and to take no further action on the pro se pleading* unless counsel forwards a motion") (emphasis added).

The court properly denied the October 11, 2016 post-sentence motion, stating Kerns had no right to hybrid representation, and in any event finding the motion untimely. Similarly, the March 16, 2017 post-trial filing should not have been docketed or heard – instead, it should have been forwarded to Kerns' counsel of record. *See* Pa.R.A.P. 3304; *see also Jette*, at 1044.

Therefore, it was error for the lower court to docket this motion and hold the August 24, 2017 hearing on the motion. This error was further compounded by the lower court subsequently labeling the motion as a post-sentence motion and dismissing it as untimely filed, since "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Johnson*, 803 A.2d 1291, 1293 (Pa. Super. 2002). Kerns' judgment of sentence became final on October 30, 2016, after neither a timely post-sentence motion nor a timely direct appeal was filed. Consequently, it is clear Kerns' March 16, 2017 motion, filed more than five months later, should have been treated as a PCRA petition rather than a post-sentence motion.

Pennsylvania law requires unequivocally that prisoners seeking post-conviction relief by whatever name be afforded the assistance of counsel. *See*

Pa.R.Crim.P. 904; *see also Commonwealth v. Albrecht*, 720 A.2d 693, 699 (Pa. 1999) ("The denial of PCRA relief cannot stand unless the petitioner was afforded the assistance of counsel."); *Commonwealth v. Kutnyak,* 781 A.2d 1259, 1262 (Pa. Super. 2001) (holding that appellant is entitled to representation of counsel on first PCRA petition "despite any apparent untimeliness of the petition or the apparent non-cognizability of the claims presented.")

In this instance, both the court and Attorney Fielding improperly treated Kerns' filing as an untimely post-sentence motion. We therefore vacate the order characterizing the motion as a post-sentence motion and denying it as untimely, and remand to the trial court for a hearing regarding appointment of counsel to assist Kerns in pursuing any claims under the PCRA.

Since Kerns has made several accusations of ineffective assistance against current counsel, we find it necessary to grant counsel's petition to withdraw, as we cannot expect counsel to argue his own ineffectiveness. If Kerns moves to proceed *pro se* despite the availability of counsel, the PCRA court must hold a *Grazier* hearing. Given this disposition, we conclude Kerns's application for remand and self-representation is moot.

Order vacated. Case remanded to the trial court for further proceedings consistent with this memorandum. Petition to withdraw granted. Application for remand denied as moot. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/07/2019</u>